United States District Court
Southern District of Texas

**ENTERED**

May 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YESSENIA VILLARROEL ROMERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01012 |
| | § | |
| MARTIN FRINK, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Yessenia Villarroel Romero's Amended Petition for Writ of Habeas Corpus (Doc. #5), Respondents' Response to the Amended Petition for Writ of Habeas Corpus and Motion for Summary Judgment (Doc. #9), and Petitioner's Opposition to the Motion for Summary Judgment (Doc. #10). Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Amended Petition for Writ of Habeas Corpus.

Petitioner Yessenia Villaroel Romero ("Petitioner"), a native of Venezuela, entered the United States on or about November 14, 2024 at the San Ysidro, California port of entry, where she was processed by immigration authorities. Doc. #5 at 7; Doc. #5, Ex. 3 at 1. The Department of Homeland Security served Petitioner a Notice to Appear which charged her with violating § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, as a noncitizen who did not possess a valid entry document. Doc. #5, Ex. 3 at 4. Upon arrival into the United States, Petitioner was lawfully paroled, authorizing her stay until November 13, 2025. Doc. #5, Ex. 1. Petitioner subsequently filed an application for asylum with U.S. Citizenship and Immigration Services.

Doc. #5 at 8. She was thereafter granted employment authorization. Doc. #5, Ex. 2. There is no indication in the record that Petitioner's asylum application has been adjudicated.

Respondents do not dispute that Petitioner complied with all conditions of her release while on parole. Doc. #5 at 8; *see* Doc. #9. Moreover, Petitioner's employment authorization remained valid through November 14, 2030, and thus continued beyond the expiration of her parole on November 13, 2025, authorizing her to work in the United States for five additional years. Doc. #5, Ex. 2. On or about January 10, 2026, however, Respondents re-detained Petitioner while she was working as a delivery driver in Minnesota. Doc. #5 at 8–9; Doc. #9 at 2. Notably, Petitioner was not detained when her parole expired. Petitioner is currently in custody and has not been afforded a bond hearing, or any individualized determination of flight risk, danger to the community, or violation of her release conditions. Doc. #5 at 10.

Respondents argue that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(1), because she was placed into expedited removal proceedings upon her illegal entry into the United States, and was returned to that custody status upon expiration of her parole. Doc. #9 at 4–5. Petitioner, in turn, asserts that her re-detention violates the Due Process Clause of the Fifth Amendment. Doc. #5 at 21–25. The Court agrees with Petitioner. Where a noncitizen has previously been released from custody, a determination that reflects an assessment that the individual is neither a flight risk nor a danger to the community, there is "a very high risk of erroneous deprivation of liberty" absent an individualized custody determination. *Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *7 (S.D. Tex. Feb. 3, 2026); *see also Singh v. Bondi*, No. SA-26-CA-00541-XR, 2026 WL 752457, at *3 (W.D. Tex. Mar. 16, 2026) ("[E]very noncitizen who has been paroled or released into the interior of the country has been found by a government official to pose neither a security risk nor a flight risk."). Consistent with this

2

principle, courts have held that the Due Process Clause of the Fifth Amendment requires that a noncitizen receive "adequate notice of the intent to revoke [her] parole, an individualized assessment of [her] flight risk or dangerousness, and an opportunity to be heard prior to [her] redetention by ICE." *Strunin v. Garcia*, No. 5:26-CV-00106, 2026 WL 958952, at \*9 (S.D. Tex. Mar. 3, 2026); *see also Singh*, 2026 WL 752457, at \*10 ("The statutes and regulations governing immigration and removal proceedings afford important procedural safeguards to detainees paroled or otherwise released into the interior."). The mere fact that a noncitizen's parole has expired does not obviate the government's obligation to provide constitutionally adequate process before reasserting physical custody over an individual previously released into the community. *See Marceau v. Noem*, EP-26-CV-237-KC, 2026 WL 368953, at \*1 (W.D. Tex. Feb. 9, 2026) (holding that the revocation of liberty requires an individual determination "[r]egardless of whether [Petitioner's] parole has expired or been terminated."); *MAIRELIS FLORES MOLINA, Petitioner, v. ROSE THOMPSON, et al., Respondents.*, No. 5:26-CV-0631-JKP, 2026 WL 908556, at \*7 (W.D. Tex. Mar. 27, 2026) (finding a due process violation and granting habeas relief where the petitioner was re-detained without an individualized assessment, even after her parole had expired).

The Court sees no reason to reach a different conclusion here. Under the facts and circumstances of this case, the Court finds that Petitioner's continued detention violates her Fifth Amendment right to due process. She is therefore entitled to habeas relief, and release is warranted. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release.").

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #9. Furthermore, Petitioner's Amended Petition for Writ of Habeas Corpus is GRANTED.

3

Doc. #5.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of her release at least three (3) hours before release.

3. Respondents are further ORDERED to return to the Petitioner, at the time of her release from custody, any and all identification documents taken from him at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

MAY 2 6 2026
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

4